BERRY P. STONE,             )
                                    )
          Plaintiff,        )
                                    )
          v.               )        No. 1:19-cv-04036-TWP-MPB
                                    )
WEXFORD INC., et al.      )
                                    )
          Defendants.     )

## Order Screening Complaint and Directing Further Proceedings

Plaintiff Berry Stone, an inmate at the Pendleton Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights have been violated. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

## I. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. Discussion

Mr. Stone alleges in his complaint that defendant Samantha McAbee oversaw filling prescriptions and delivering them. She failed to keep the "records book" updated and, as a result, Mr. Stone did not receive prescribed pain medication from July 2, 2019, through July 10, 2019. Mr. Stone complained to an unknown Director of Nursing about this issue and she failed to ensure that he received his medication. On July 11, 2019, he sent an informal grievance to Michael King, explaining that a nurse brought his medication on July 10, 2019 stating that she "fixed the books." Mr. King ignored Mr. Stone's requests. Finally, Mr. Stone contends that defendant Wexford, Inc. failed to provide adequate staff.

Because Mr. Stone was a convicted prisoner at the time his claims arose, his treatment and the conditions of his confinement are evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).; *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014).

Based on the screening standard set forth above, the following claims are dismissed.

Mr. Stone's claim that Nurse McAbee failed to keep the records book updated is **dismissed**. Mr. Stone's claim against Nurse McAbee is simply that she failed to update prescription records. At most, Mr. Stone has alleged that she was negligent. He has not alleged enough facts to show that she knew of his condition and ignored a substantial risk of harm to him. *See Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) ("[C]onduct is 'deliberately indifferent' when the official has acted in an intentional or criminally reckless manner, *i.e.*, "the defendant must have known that the plaintiff 'was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so.'").

Mr. Stone's claim against the unknown director of nursing must be **dismissed** because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). If through discovery, Mr. Stone learns the name of the unknown defendant, he may seek leave to add a claim against her.

Mr. Stone's claim against Michael King must be **dismissed**. Mr. Stone's only claim against Mr. King is that he failed to respond to complaints he made after he started receiving his medication again. He therefore failed to show that any failure by Mr. King contributed to his injuries. *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013) ("No matter how serious a medical condition is, the sufferer from it cannot prove tortious misconduct (including misconduct constituting a constitutional tort) as a result of failure to treat the condition without providing evidence that the failure caused injury or a serious risk of injury.").

Mr. Stone's claim that his medication was delayed as a result of a failure on Wexford's part to provide adequate staff **shall proceed** as a claim that Wexford maintained a policy or practice that violated his Eighth Amendment rights.

This summary of claims includes all of the viable claims identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through December 31, 2019,** in which to identify those claims.

### III. Conclusion and Service of Process

The **clerk shall terminate** Michael King, Unknown Director of Nursing, and Samantha McAbee as defendants.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Wexford in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Wavier of Service of Summons and Waiver of Service of Summons), and this Order.

**IT IS SO ORDERED.**

Date: 12/10/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BERRY P. STONE
914538
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Wexford of Indiana, LLC
c/o Registered Agent, Corporation Service Co.
135 N. Pennsylvania St.
Ste. 1610
Indianapolis, IN 46204