## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BERRY P. STONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-04036-TWP-MPB |
| | ) | |
| WEXFORD INC., | ) | |
| Defendant. | ) | |

## ORDER GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT
## AND DIRECTING ENTRY OF FINAL JUDGMENT

This matter is before the Court on Defendant Wexford Inc.'s ("Wexford") Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, (Dkt. 19), and Motion to Withdraw Statement in Undisputed Material Facts of Pending Motion for Summary Judgment, (Dkt. 26). Plaintiff Berry P. Stone ("Mr. Stone"), *pro se*, brings this action alleging that his Eighth Amendment right to be free from cruel and unusual punishment was violated by the Defendant's deliberate indifference to his serious medical needs at Pendleton Correctional Facility ("PCF"). Wexford argues the action should be dismissed because Mr. Stone did not exhaust his administrative remedies. Mr. Stone has not responded to the Motion for Summary Judgment, and the time to do so has passed. For the reasons explained below, Wexford's Motion for Summary Judgment and Motion to Withdraw Statement are **granted**.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a

reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

Mr. Stone failed to respond to Wexford's summary judgment motion. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the summary judgment standard, but it does "reduc[e] the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II.  BACKGROUND

Mr. Stone alleges that Wexford has an unconstitutional policy of not providing adequate healthcare staff to PCF, resulting in Mr. Stone failing to receive his medications from July 2, 2019 to July 10, 2019. (Dkt. 1.)

The Indiana Department of Correction ("IDOC") has an Offender Grievance Process that provides offenders with an opportunity to attempt to resolve grievances before filing suit in federal court. (Dkt. 21-1 at 2.) Offenders receive documentation on the Offender Grievance Process

during orientation, and a copy of the Offender Grievance policy is available in the PCF law library. *Id.*

The Offender Grievance Process consists of the following steps: (1) a formal attempt to resolve a problem or concern following an unsuccessful attempt at an informal resolution; (2) a written appeal to the facility Warden or the Warden's designee; and (3) a written appeal to the IDOC Grievance Manager. *Id.* at 6. The offender must first try to resolve a problem informally and provide evidence of the attempt, such as a "Request for Interview" form. *Id.* at 3. If he is unable to informally resolve the issue, he must file a grievance within ten business days of the incident. *Id.* The Offender Grievance Specialist ("grievance specialist") then returns an unacceptable form or provides a receipt for an accepted form. *Id.* The grievance specialist screens the grievance and determines whether it should be accepted and logged or rejected. *Id.* If the grievance specialist rejects the grievance, the offender has five business days to correct the issue. *Id.* at 4. If the offender is dissatisfied with the grievance response, he must file a grievance appeal within five business days of receiving the response. *Id.* at 5. Exhaustion of administrative remedies requires offenders to properly complete each step of the Offender Grievance Process. *Id.* at 10–11. This means that the offender must properly complete the appropriate grievance forms and timely submit them to the correct people at each stage of the process, as outlined in the Offender Grievance Procedure. *Id.* at 6.

Christina Conyers ("Ms. Conyers") is the grievance specialist at PCF.[1] *Id.* at 1. Her job duties include processing all medical and non-medical offender grievances. *Id.* She is also the custodian of the grievance records at PCF. *Id.* at 2. Ms. Conyers has reviewed Mr. Stone's relevant grievance records and is familiar with the IDOC Offender Grievance Process. *Id.* at 2, 7.

---

[1] Most of Wexford's factual background comes from Ms. Conyers's affidavit. Wexford's Motion to Withdraw Ms. Conyers's statement that offenders must grieve each individual staff member, (Dkt. [26]), is **granted**.

Based on Ms. Conyers's review of Mr. Stone's grievance records, Mr. Stone never filed any grievance related to Wexford's failure to provide adequate nursing staff in July 2019. *Id.* at 7. On July 12, 2019, Mr. Stone filed a formal grievance complaining that nursing staff was failing to provide his medications. *Id.* at 7, 26. In the grievance, he stated that one nurse told him his prescription for pain medication had expired, while another nurse told him that the prescription was active for another six days, and he probably had not received his medication because the other nurses were incompetent. *Id.* at 26. Ms. Conyers returned the grievance to Mr. Stone on July 19, 2019, because he had not attempted to resolve the complaint informally and because staff discipline and assignments are not part of the grievance process. *Id.* at 7, 25. On July 29, 2019, Mr. Stone submitted another formal grievance, again complaining about a nurse who failed to bring him his medications for eight days (but this time listing his efforts at informal resolution). *Id.* at 28. The grievance lists the incident date as July 9, 2019. *Id.* Mr. Stone said after being hospitalized on June 26, 2019, he received pain medication for three days and then none for the next eight days. *Id.* On August 1, 2019, Ms. Conyers returned the grievance because Mr. Stone had filed his grievance more than ten business days from the incident and had not shown good reason for the delay. *Id.* at 27. On August 2, 2019, Mr. Stone attempted to file a grievance appeal, but it was rejected because grievances must be accepted, logged, and filed before submitting an appeal. *Id.* at 8, 30.

### III. <u>DISCUSSION</u>

The substantive law applicable to this motion for summary judgment is the Prison Litigation Reform Act ("PLRA"), which provides, "No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's

exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted).

Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90. Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion is an affirmative defense, and the defendant bears the burden of demonstrating that the plaintiff failed to exhaust all available administrative remedies before he filed this suit. *Kaba v. Stepp*, 458 F.3d 678, 680-81 (7th Cir. 2006).

Wexford alleges that Mr. Stone failed to exhaust his administrative remedies for two reasons: 1) Mr. Stone never filed a grievance that stated Wexford was providing inadequate staff to PCF, and 2) the grievance he did attempt to submit was rejected as untimely.

Wexford's view of the required content of the grievance is far too narrow. The level of detail necessary in a grievance will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Where the administrative policy is silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002); *see also Wilder v. Sutton*, 310 Fed. App'x 10, 15, 2009 WL 330531, *4 (7th Cir. 2009) ("prisoners must only put responsible persons on notice about the conditions

about which they are complaining").  An offender "need not lay out the facts, articulate legal theories, or demand particular relief" so long as the grievance objects "intelligibly to some asserted shortcoming." *Strong*, 297 F.3d at 650.  Mr. Stone's complaint is not that he disagrees with the number of staff at PCF.  His complaint is that he did not receive his prescribed pain medication for over a week, which indeed was the subject of his attempted grievances.  Mr. Stone attributes the problem—lack of consistent administration of his pain medication—to Wexford's practice or policy of failing to "provide adequate staff interested in providing competent health care." (Dkt. 1 at 4.)  But Mr. Stone was not required to include his theory of the source of the problem in his grievance.  He sufficiently alerted the prison that he was not receiving his medication.

However, Wexford is correct that Mr. Stone failed to complete the grievance process.  His first grievance was rejected because he did not attempt to informally resolve his problem.  Mr. Stone's second grievance was filed too late.   Mr. Stone alleges he did not receive pain medication from July 2, 2019 to July 10, 2019.  Ten business days from July 10, 2019 is July 24, 2019, but Mr. Stone did not file his second grievance until July 29, 2019.  And because Mr. Stone's grievance was rejected as untimely, he was not able to complete the grievance process through all of its steps.

Wexford has presented uncontradicted evidence that Mr. Stone failed to exhaust the administrative remedies available to him at the time he filed his Complaint.  Although Mr. Stone attempted to grieve his lack of pain medication, he filed his grievance outside of the timeframe mandated by the IDOC Offender Grievance Process.  The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that the action should not have been brought and must now be **dismissed without prejudice**.  *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## IV.  CONCLUSION

Wexford's Motion to Withdraw one of the statements in Ms. Conyers's affidavit, (Dkt. [26]), is **GRANTED**; that statement was not considered in the Court's evaluation of the Motion for Summary Judgment. For the reasons explained above, Wexford's Motion for Summary Judgment, (Dkt. [19]), is **GRANTED**, and the action is **dismissed without prejudice**.  Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: _____   9/18/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Berry P. Stone, #914538
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, Indiana  46064

Heather Terese Gilbert
CASSIDAY SCHADE LLP
hgilbert@cassiday.com

Emily Kathleen VanTyle
CASSIDAY SCHADE LLP
evantyle@cassiday.com